[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: GREENWICH HOSPITAL ASSOCIATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON NEGLIGENT INTENTIONAL MISREPRESENTATION COUNTS
The defendant Greenwich Hospital moves for partial summary judgment dismissing counts IV and V of plaintiff Morganti National, Inc.'s ("Morganti") complaint. The second revised complaint contains six counts: breach of contract (count I) quantum merit (count II); breach of implied covenant of good faith and fair dealing (count III); negligent misrepresentation (count IV); intentional misrepresentation (count V); and unjust enrichment (count VI).
This action arises from the construction of the Greenwich Hospital in Greenwich, Connecticut. The parties, on February 26, 1996, entered into a contract for the construction of the project, for which the contract price for all three phases was in the amount of $74,850,000.
In their motion, the defendants assert that the parties' relationship is governed by the construction contract and that the tort claims for purely economic damages arising out of the contractual relationship are barred by the economic loss doctrine. The rationale for the economic loss rule has been stated as follows:
 Almost every breach of contract involves actions or inactions that can be conceived of as a negligent or intentional act. If left unchecked, the incessant tide of CT Page 13468-fz tort law would erode and eventually swallow contract law. This court believes that if tort law and contract law are to fulfill their distinctive purposes, they might be distinguished where it is possible to do so. The economic loss doctrine serves the basis for such a distinction.
Princess Cruises, Inc. v. General Electric Co., 950 F. Sup. 151,155 (E.D. Va. 1996).
 Allowing a party to a broken contract to proceed in tort where only economic losses are alleged would eviscerate the most cherished virtue of contract law, the power of parties to allocate the risks of their own transactions.
Id. at 155.
The economic loss rule is a judicially created doctrine which bars recovery in tort where the relationships between the parties is a contractual one and the only losses alleged are economic. The Connecticut Supreme Court in Flagg Energy Development Corp. v. General Motors Corp.,244 Conn. 126 (1998), applied the economic loss rule to a Uniform Commercial Code sale of goods case. "We agree with the holdings of cases in other jurisdictions that commercial losses arising out of the defective performance of contracts for the sale of goods cannot be combined with negligent misrepresentation." 244 Conn. at 153.
The court recognizes that the Connecticut appellate courts have not yet applied the economic loss rule to a construction case, and a number of superior court judges have refused to apply the economic loss doctrine.
The court views this case as a prime example of a scenario in which application of the economic loss rule is most compelling. The parties are sophisticated corporations who entered into a contract involving a major construction project. The contract specifically, in detail (see Schedule 4.1), addresses risks of loss and limitations on damage claims. Allowing the parties to avoid their bargain, by casting their economic loss claims in tort language, would defeat the legitimate expectations underlying contract law. Lacking appellate court direction beyond the indirect authority of Flagg, this court chooses to follow the well-reasoned opinion of Judge Tierney in Worldwide Pres. Servs., LLC v. IVth Shea LLC, Superior Court Complex Litigation Docket, judicial district of Fairfield at Stamford, Docket No. X05-CV-98-0167154S (Feb. 1, 2001, Tierney, J.). CT Page 13468-ga
The motion for summary judgment as to counts IV and V of Morganti's second revised complaint is granted.
ROBERT F. MCWEENY, J.